IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCUS THURMAN,

        Plaintiff,

v.

(1)   COUNTY COMMISSIONERS OF OKLAHOMA COUNTY;
(2)   DETENTION CENTER OFFICER (FNU)[1] MILLER;
(3)   OTHER UNKNOWN DETENTION CENTER PERSONEL;
(4)   OKLAHOMA UNIVERSITY MEDICAL CENTER, AND
(5)   DR. TRAVIS REDMAN, M.D.;
(6)   UNKNOWN OKLAHOMA UNIVERSITY MEDICAL CENTER RADIOLOGIST
(Individually and in their official capacities),

        Defendants.

FILED
SEP 05 2017
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV-17-950-M

JURY TRIAL DEMANDED

## CIVIL RIGHTS COMPLAINT
## PURSUANT TO *42 U.S.C. §1983*

A. PARTIES:

    1)     The Plaintiff, Marcus Thurman, is a citizen of the State of Oklahoma who presently resides at the Joseph Harp Correctional Center, P.O. Box 548, Lexington, Oklahoma 73051.

    2)     The Defendant, County Commissioners of Oklahoma County, are the governing body that is responsible for maintaining and operating the Oklahoma County Detention Center, and for the purpose of an action under *42 U.S.C. §1983,* this board is suable as persons. See

---

[1] "FNU" denotes "first name unknown"

*Monell v. Dept. of Social Services of new York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).* At the time the claims alleged in this complaint arose, this defendant was acting under color of state law, in that it was clothed with the authority of state law, and had a constitutional duty to protect Plaintiff from the constitutional violations he suffered, as alleged herein.

3) The Defendant, Officer (FNU) Miller is a citizen of the State of Oklahoma, located in Oklahoma City, Oklahoma County, Oklahoma, and is employed as a Detention Center Officer at the Oklahoma County Detention Center. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law, in that he was clothed with the authority of state law, and had a constitutional duty to protect Plaintiff from the constitutional violations he suffered, as alleged herein.

4) The Defendant, Oklahoma University Medical Center, is an agent under contract with the County Commissioners of Oklahoma County, in the service of serious mediacal needs arising at the Oklahoma County Detention Center, and for the purpose of an action under *42 U.S.C. §1983*, this board is suable as persons. See *Monell v. Dept. of Social Services of new York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).* At the time the claims alleged in this complaint arose, this defendant was acting under color of state law, in that it was clothed with the authority of state law, and had a constitutional duty to protect Plaintiff from the constitutional violations he suffered, as alleged herein.

5) The Defendant, Dr. Travis Redman, M.D., is a citizen of the State of Oklahoma, located in Oklahoma City, Oklahoma County, Oklahoma, and is employed by the Oklahoma University Medical Center. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law, in that he was clothed, by contract with the Oklahoma

County Sheriff's Office, with the authority of state law, and had a constitutional duty to protect Plaintiff from the constitutional violations he suffered, as alleged herein.

6) The Defendant, unidentified Radiologist., is a citizen of the State of Oklahoma, located in Oklahoma City, Oklahoma County, Oklahoma, and is employed by the Oklahoma University Medical Center. At the time the claims alleged in this complaint arose, this defendant was acting under color of state law, in that he was clothed, by contract with the Oklahoma County Sheriff's Office, with the authority of state law, and had a constitutional duty to protect Plaintiff from the constitutional violations he suffered, as alleged herein.

## B. JURISDICTION:

Jurisdiction is invoked pursuant to *42 U.S.C. §1983* and *28 U.S.C. §1343(a)(3)*

## C. NATURE OF THE CASE:

This case addresses the civil rights violations that Plaintiff suffered as a consequence of an unprevoked assault by Detention Center Officer (FNU) Miller, and the purposely deceptive medical treatment, all of which resulted in Plaintiff's neck being broken and partial paralysis, a disability that he will endure for the rest of his life.

## D. CAUSE OF ACTION:

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegation:

>  a) (1) **Count I:** **DETENTION CENTER OFFICER (FNU) MILLER VIOLATED PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS, WITH DELIBERATE INTENTION, WHEN HE SLAMMED PLAINTIFF HEADFIRST INTO THE CONCRETE FLOOR, BREAKING HIS NECK.**

**(2) Supporting Facts:** On September 5, 2015, Plaintiff was arrested and confined in the Oklahoma County Detention Center. Because Plaintiff was arrested in his underware, he requested an orange jumpsuit from Defendant Miller upon arrival at the jail. This request was denied.

In an unprovoked series of events that followed, and while Plaintiff remained handcuffed in the book-in/reception area of the Oklahoma County Detention Center, Defendant Miller accosted Plaintiff, grabbing him, raising his high in the air, and slamming him head-first into the concrete floor. Plaintiff was immediately incapacitated, unable to move.

Apparently believing that Plaintiff was malingering, detention officers allowed Plaintiff to remain inert of the floor. After some time, officers finally called for medical personel, who arranged for his transport to the Oklahoma University Medical Center for diagnosis and treatment.

Plaintiff would note that, in making his requisite showing of deliberate indifference, "deliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard, 80 F.3d 1433, 1442 (10th Cir. 1996)*

b) **(1) Count II:** DEFENDANT OKLAHOMA UNIVERSITY MEDICAL CENTER AND ITS MEDICAL STAFF, TO INCLUDE TRAVIS REDMON AND AN UNKNOWN RADIOLOGIST, VIOLATED PLAINTIFF'S EIGHTH AND FOURTEENTH AMDNDMENT RIGHTS BY FAILING TO PROVIDE APPROPRIATE MEDICAL CARE.

**(2) Supporting Facts:** From the time of Plaintiff's arrival at the Oklahoma University Medical Center, he was provided inadequate medical treatment, and Plaintiff would go so far as alleging that the Defendant Redmon and/or O.U. Medical Center staff directly involved, falsified a CT scan and provided no appropriate diagnosis or treatment, considering

Plaintiff's purported injury. Defendant Redmon released Plaintiff so that he could be returned to the Oklahoma County Detention Center.

Once Plaintiff had been returned to the Oklahoma County Detention Center, still unable to move, the obvious severity of his injury was realized. Medical personel at the detention center ordered Plaintiff's second transport to the Oklahoma University Medical Center.

For such actions to have occurred, as alleged, there's a level of deliberate indifference that cannot be denied. The deliberate indifference standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Farmer v. Brennen, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)* Certainly, by failing to diagnose Plaintiff's broken neck, and resulting paralysis, Defendants Oklahoma University Medical Center, Dr. Redmon, and the as-yet unidentified radiologist were at the very least, horribly negligent. With a showing that medical personel reasonably should have known the action were contrary to established medical protocol, the standard of "deliberate indifference" is well demonstrated.

**E. REQUEST FOR RELIEF:** The following requests for relief are prayed for:

1) Compensatory damages in the amount of Ten Million Dollars, ($10,000,000.00);

2) Punitive damages in the amount of Fifty Million Dollars, ($50,000,000.00), in light of the continuing consitutional violation occasioned upon pre-trial detainees in the Oklahoma County Detention Center;

3) Costs for past and future medical treatment, related to the injury susstained by Defendant Miller and exacerbated by the lack of medical diagnosis and treatment by Oklahoma University Medical Center and its medical personel identified and described herein.

*Marcus Thurman*, Plaintiff
Joseph Harp Correctional Center
#412667
P.O. Box 548
Lexington, OK. 73051

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. *28 U.S.C. §1746.*

Executed at the Joseph Harp Correctional Center in Lexington, Oklahoma on August 31, 2017.

Marcus Thurman, Plaintiff