UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MARCUS THURMAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-17-950-G |
| COUNTY COMMISSIONERS OF OKLAHOMA COUNTY et al., | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation ("Report") (Doc. No. 53) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that Defendant Redmon's Motion for Summary Judgment (Doc. No. 51) be granted and that the Court strike the portion of the Court's March 15, 2018 Order that purports to dismiss state law negligence claims with prejudice, rather than Plaintiff's "constitutional due process negligence claim." R. & R. at 7 n.2, 10[1]; Order of March 15, 2018 (Doc. No. 15) (Miles-LaGrange, J.).

Plaintiff has filed a timely written objection to the Report,[2] *see* Pl.'s Obj. (Doc. No. 57), thus triggering the Court's obligation to make a de novo determination of those portions of the Report to which objection is made. *See* 28 U.S.C. § 636(b)(1); *United States*

---

[1] Judge Erwin states that "[t]his Court did not construe Mr. Thurman's negligence claim as a claim arising under state law." R. & R. at 7 n.2. Plaintiff has raised no objection on this point.

[2] On March 30, 2019, the Court granted Plaintiff an extension of time in which to file his Objection, extending Plaintiff's deadline from May 17, 2019, to June 20, 2019. *See* Doc. No. 56.

*v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Defendant Redmon has filed a Response to Plaintiff's Objection. *See* Def. Redmon's Resp. (Doc. No. 59).[3] Having conducted a de novo review in light of Plaintiff's objections, the Court concludes that the Report should be adopted in its entirety, as further addressed herein.

DISCUSSION

Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendant Redmon provided medical care to Plaintiff at the University of Oklahoma Medical Center in 2015, while Plaintiff was a pretrial detainee. *See* Compl. at 4-5. Plaintiff states that "he was provided inadequate medical treatment, and . . . would go so far as alleging that . . . Defendant Redmon and/or [University of Oklahoma] Medical Center staff directly involved, falsified a [computed tomography ("CT")] scan and provided no appropriate diagnosis or treatment, considering Plaintiff's purported injury." *Id.* at 4-5. In his report, Judge Erwin found that Plaintiff had failed to respond to Defendant Redmon's Motion within the time allotted and that Defendant Redmon had provided sufficient

---

[3] On July 19, 2019, Plaintiff filed a Reply to Defendant Redmon's Response to Plaintiff's Objection. *See* Doc. No. 61. This filing is not contemplated in Rule 72 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(b)(2). Nevertheless, the Court has reviewed Plaintiff's submission and has determined that the arguments therein do not alter the Court's determination in this matter.

2

uncontested material facts and supportive documents to support summary judgment in his favor.  *See* R. & R. at 8-9.

Plaintiff raises three objections to Judge Erwin's Report.  First, Plaintiff objects to the legal standard Judge Erwin applied to Plaintiff's claim of inadequate medical care.  Plaintiff argues that the traditional deliberate-indifference standard applicable to pretrial detainees should be abandoned in favor of an objective-only standard pursuant to the Supreme Court's ruling in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).  However, as Judge Erwin thoroughly explained in his Report, *Kingsley*—an excessive-force case—did not directly address the standard applicable to a pretrial detainee's inadequate medical care claim, and while the Tenth Circuit has noted that circuits "are split on whether *Kingsley* alters the standard for conditions of confinement and inadequate medical care claims brought by pretrial detainees," the Tenth Circuit "has not yet ruled directly on this issue." *Estate of Vallina v. Cty. of Teller Sheriff's Office*, 757 F. App'x 643, 646 (10th Cir. 2018); *Burke v. Regalado*, No. 18-CV-231-GKF-FHM, 2019 WL 1371144, at *4 (N.D. Okla. Mar. 26, 2019); *see also Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 647 (10th Cir. 2017) (discussing the traditional two-prong standard for a pretrial detainee's inadequate medical care claim post-*Kingsley*).  The Court fully concurs with Judge Erwin's determination that, in the absence of a clear directive on the issue from the Tenth Circuit, this Court should follow established Tenth Circuit precedent in evaluating Plaintiff's claim.

Defendant next argues that the allegations in Plaintiff's verified Complaint, as well as "the record evidence in [the Special Report (Doc. No. 30)]," create a genuine issue of material fact precluding summary judgment.  Pl.'s Obj. at 6-8.  Plaintiff points specifically

3

to his allegation that "Defendant Redmon and/or O.U. Medical Center staff directly involved, falsified a CT scan and provided no appropriate diagnosis or treatment." Compl. at 4; *see* Pl.'s Obj. at 5-6. As further support, Plaintiff states that "evidence shows that the CT scan was [begun] at 5:44 [a.m.] and completed at 5:44 [a.m.]." Pl.'s Obj. at 5. By failing to timely respond to Defendant Redmon's Motion, however, Plaintiff has "waive[d] the right to respond or to controvert the facts asserted in the summary judgment motion," and the Court "should accept as true all material facts asserted and properly supported in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Accordingly, Plaintiff's attempt to belatedly contest the material facts asserted in the Motion is improper. *See* Def. Redmon's Mot. Summ. J. (Doc. No. 51) at 9-10 (Defendant Redmon asserting that he ordered a CT scan, that a radiologist reviewed the CT scan results and created a report indicating that there was "'no evidence of acute injury in the osseous cervical spine,'" and that Defendant Redmond "relayed the results" to Plaintiff); *see also Smith v. Sprint/United Mgmt. Co.*, No. 15-cv-550-WJM-KLM, 2017 WL 1130034, at *3 (D. Colo Mar. 27, 2017) ("The Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows [a] [p]laintiff to 'sandbag' the Magistrate Judge by failing to point out facts and relevant claims that were not previously presented and argued.").

Further, Plaintiff's claims against Defendant Redmon would not survive the summary judgment motion even if the Court considered the evidence presented by Plaintiff in his Objection to Judge Erwin's Report. Plaintiff fails to show how the documented time of the CT scan is relevant to his claims or how it creates a factual dispute for purposes of

4

summary judgment. And while a verified complaint "may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)," Plaintiff "may not rely merely on the unsupported or conclusory allegations contained in his pleadings." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). Here, Plaintiff's allegation that Dr. Redmon or another staff member falsified a medical record is "unsupported [and] conclusory" and does not appear to be based on personal knowledge. *Conaway*, 853 F.2d at 792; *see* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge."). Moreover, an independent review of Plaintiff's remaining allegations against Defendant Redmon revealed no conduct that would rise to the level of a constitutional violation. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.").

Finally, Plaintiff argues that granting Defendant Redmon's Motion would violate Plaintiff's Seventh Amendment right to a jury. *See* Pl.'s Obj. at 9-10. "The Seventh Amendment is not violated by proper entry of summary judgment." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). For the reasons discussed herein and in Judge Erwin's thorough and well reasoned Report, summary judgment in favor of Defendant Redmon is proper. Thus, this argument fails to undercut the Report's findings and recommendations.

5

CONCLUSION

Therefore, the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin on April 30, 2019 (Doc. No. 53) is ADOPTED in its entirety. Defendant Redmon's Motion for Summary Judgment (Doc. No. 51) is GRANTED. The portion of the March 15, 2018 Order (Doc. No. 15) purporting to dismiss state law negligence claims with prejudice is STRICKEN. The Court clarifies that the March 15, 2018 Order dismisses with prejudice Plaintiff's § 1983 claims of inadequate medical care against Defendants Redman and an unidentified radiologist insofar as those claims are predicated on allegations of negligence. *See* R. & R. of October 18, 2017 (Doc. No. 9) at 8-9.

IT IS SO ORDERED this 24th day of July, 2019.

_____
CHARLES B. GOODWIN
United States District Judge