# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS THURMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-950-G |
| COUNTY COMMISSIONERS OF OKLAHOMA COUNTY et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 63) of this Court's Order (Doc. No. 62) adopting United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Doc. No. 53) ("R. & R."). Defendant Dr. Travis Redmon ("Redmon") has responded (Doc. No. 64), and Plaintiff has replied (Doc. No. 66).[1]

### BACKGROUND

Plaintiff, a state prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983. On September 5, 2017, Plaintiff filed his Complaint (Doc. No. 1) alleging that while he was a pretrial detainee at the Oklahoma County Detention Center ("OCDC") he was accosted by Defendant Miller, an OCDC officer who slammed him head-first into the concrete floor rendering him incapacitated. *See* Compl. at 3-4. After

---

[1] Plaintiff filed both a Motion for Extension of Time (Doc. No. 65) and his Reply (Doc. No. 66) on October 25, 2019. Plaintiff states in his Motion for Extension of Time that the correctional center in which he is housed was under lockdown until October 14, 2019, and prior to that date he had no access to the law library. Because the Court accepts Plaintiff's Reply, the Motion for Extension of Time is denied as moot.

some time, OCDC officials transferred Plaintiff by ambulance to the University of Oklahoma Medical Center, where Defendant Redmon provided medical care to Plaintiff. *See id.* at 4-5. Plaintiff alleges that "he was provided inadequate medical treatment" and that "Defendant Redmon and/or [University of Oklahoma] Medical Center staff directly involved, falsified a [computed tomography ("CT")] scan and provided no appropriate diagnosis or treatment, considering Plaintiff's purported injury." *Id.*

Redmon filed a Motion for Summary Judgment (Doc. No. 51) on March 29, 2019. Plaintiff did not file a response. On April 30, 2019, Judge Erwin issued his R. & R. recommending that the Court grant Redmon's Motion for Summary Judgment. *See* R. & R. at 10.[2] Judge Erwin explained that Redmon had provided sufficient uncontested material facts and evidence to support summary judgment in his favor on Plaintiff's claim of deliberately indifferent medical treatment and that Plaintiff had not shown any genuine issue of material fact to be litigated at trial. *See* R. & R. at 8-9.

Plaintiff filed a timely Objection asserting that: (1) Judge Erwin had not applied the correct legal standard to Plaintiff's claim of inadequate medical care in that the deliberate-indifference standard should not be applied to pretrial detainees; (2) evidence included in, or attached to, the Special Report (Doc. No. 30) created a genuine issue of material fact precluding summary judgment; and, (3) granting Redmon's Motion would violate

---

[2] Judge Erwin also recommended that the Court strike the portion of the March 15, 2018 Order that purports to dismiss Plaintiff's state-law negligence claims with prejudice. *See* R. & R. at 7 n.2, 10; Order of Mar. 15, 2018 (Doc. No. 15) (Miles-LaGrange, J.). No objection was raised as to this recommendation.

2

Plaintiff's Seventh Amendment right to a jury. *See* Pl.'s Obj. (Doc. No. 57) at 3, 6-8, 9-10.

On July 24, 2019, the Court conducted a de novo review and issued its Order (Doc. No. 62) adopting Judge Erwin's R. & R. In conducting its de novo review, the Court noted that "[i]ssues or claims raised for the first time . . . are waived" and that "Plaintiff's attempt to belatedly contest the material facts asserted in the Motion is improper." Order at 2, 4. The Court noted, however, that even if Plaintiff's arguments and "evidence" were considered, his claims against Redmon would fail to survive summary judgment. Order at 4-5.

Plaintiff filed his Motion for Reconsideration on August 22, 2019, asserting that the Court's Order had improperly failed to: (1) consider evidence in the Special Report that allegedly supports Plaintiff's claims against Defendant Redmon; and (2) appoint an expert to provide an opinion on the extent of Plaintiff's injuries and Dr. Redmon's care. *See* Pl.'s Mot. Recons. at 1, 3.

STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly provide for generic motions to reconsider. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995); *see also* Fed. R. Civ. P. 54(b), 59(e), 60(b); *Raytheon Constructors, Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (noting that Rule 60(b) "only applies to final orders or judgments"). "Where, as here, a party seeks reconsideration of a non-final order, that motion falls within a court's plenary power to revisit and amend

3

interlocutory orders as justice requires."[3] *Rodeman v. Foster*, 767 F. Supp. 2d 1176, 1188 (D. Colo. 2011) (internal quotation marks omitted) (citing Fed. R. Civ. P. 54(b)); *accord United States v. $29,410.00 in U.S. Currency*, No. CIV-13-132-D, 2014 WL 1276235, at *2 (W.D. Okla. Mar. 27, 2014) ("[W]hether to reconsider a nonfinal order is subject to the court's 'general discretionary authority.'" (quoting *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007))).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

ANALYSIS

The Court concludes that neither of Plaintiff's arguments justify reconsideration under Rule 60(b) or any other grounds. Plaintiff's reliance on the Special Report and contention that the Court erred in failing to appoint an expert witness are merely restatements of arguments previously made in his Objection. As the Court stated in its Order adopting the R. & R.:

---

[3] The Court's Order granting Redmon's Motion for Summary Judgment is not a final order as it does not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1492 (10th Cir. 1994) (internal quotation marks omitted).

4

> By failing to timely respond to Defendant Redmon's Motion, . . . Plaintiff has "waive[d] the right to respond or to controvert the facts asserted in the summary judgment motion," and the Court "should accept as true all material facts asserted and properly supported in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Accordingly, Plaintiff's attempt to belatedly contest the material facts asserted in the Motion is improper. *See* Def. Redmon's Mot. Summ. J. (Doc. No. 51) at 9-10 (Defendant Redmon asserting that he ordered a CT scan, that a radiologist reviewed the CT scan results and created a report indicating that there was "'no evidence of acute injury in the osseous cervical spine,'" and that Defendant Redmon[] "relayed the results" to Plaintiff); *see also Smith v. Sprint/United Mgmt. Co.*, No. 15-cv-550-WJM-KLM, 2017 WL 1130034, at *3 (D. Colo Mar. 27, 2017) ("The Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows [a] [p]laintiff to 'sandbag' the Magistrate Judge by failing to point out facts and relevant claims that were not previously presented and argued.").

Order at 4 (first, third, and fourth alterations in original).

Further, despite Plaintiff's failure to respond to Redmon's Motion for Summary Judgment, the Court nonetheless considered and rejected Plaintiff's assertion that evidence in or attached to the Special Report created a genuine issue of material fact precluding summary judgment. *See id*. at 3-4. Although Plaintiff now points to additional material contained in the Special Report, Plaintiff's argument is nothing more than a rehashing of an issue previously presented in his Objection. Nor does the "evidence" relied on in Plaintiff's Motion constitute new evidence previously unavailable or indicate that the Court misapprehended the facts, a party's position, or the controlling law.

Plaintiff specifically points to the alleged opinion of Danny Honeycutt, General Counsel for OCDC, that Plaintiff's injury was of an "obvious severity" and that "the standard of 'deliberate indifference' is well demonstrated." Pl.'s Mot. Recons. at 2. Upon examination of the Special Report and the attachments thereto, the Court finds that the

5

quotations relied upon by Plaintiff are simply Mr. Honeycutt's recitation of facts "as written by Plaintiff" rather than Mr. Honeycutt's conclusions regarding Plaintiff's claims. Special Rep. at 7; Aff. of Danny Honeycutt (Doc. 30-1) at 1 (testifying that he wrote the Special Report). This "evidence" was available to Plaintiff prior to the deadline for responding to Redmon's Motion for Summary Judgment and for objecting to the R. & R. Moreover, the statements cited fail to create a genuine question of material fact as they are nothing more than a restatement of Plaintiff's allegations.

Plaintiff next asserts that the Court erred in failing to appoint an expert to provide an opinion on the extent of his injuries and Dr. Redmon's care with respect to those injuries. *See* Pl.'s Mot. Recons. at 3. Plaintiff relies on the "evidence" contained in the Special Report allegedly demonstrating "deliberate indifference to his serious medical needs" to justify an appointment and claims that the Court ignored the Special Report in holding Dr. Redmon's affidavits undisputed. *Id.* at 4. As discussed above, however, the Court considered and addressed the Special Report in ruling on the Motion for Summary Judgment.

Plaintiff in his Motion also cites Federal Rule of Evidence 702 and states that "[e]xpert testimony was needed to provide the trier of fact with a medical opinion as to whether Dr. Redmon provided care consistent with the standard of care." *Id.* Plaintiff here misconstrues the Rule, which states the circumstances under which a witness may testify as an expert but does not provide for the appointment of an expert witness. Fed. R. Evid. 702.

In his Reply brief, Plaintiff turns for the first time to Rule 706(a) of the Federal Rules of Evidence. *See* Pl.'s Reply at 2. Rule 706(a) gives the Court discretion to appoint an expert witness "[o]n a party's motion or on its own." Fed. R. Evid. 706(a). Generally, this power is reserved for "truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Rachel v. Troutt*, 820 F.3d 390, 397-98 (10th Cir. 2016) (internal quotation marks omitted); *see also Cox v. Ann,* No. 12-2678-DDC-GLR, 2014 WL 6474210, at *5 (D. Kan. Nov. 19, 2014) (stating that any appointment of an expert under Rule 706 "would be for the benefit of the court, the trier of fact, and all parties, and not simply for the benefit of the plaintiff or as a substitute for a retained expert witness").

Even assuming this argument has not been waived, the Court finds appointment of a medical expert unwarranted. Courts rarely exercise the power to appoint a medical expert, and the Court does not find the nature of Plaintiff's claim "sufficiently complicated" as to require an independent medical expert. *Rachel*, 820 F.3d at 398 (upholding district court's denial of *pro se* prisoner's request for appointment of expert testimony to rebut defendant's arguments regarding adequacy of medical care); *Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53 (10th Cir. 2003) (finding no abuse of discretion where district court refused to appoint an expert on a claim with a "relative lack of complexity").

For these reasons, the Court concludes that Plaintiff has failed to meet his burden to establish any grounds warranting reconsideration of the Court's Order granting Redmon's Motion for Summary Judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. No. 63) is DENIED. Plaintiff's Motion for Extension of Time (Doc. No. 65) is DENIED AS MOOT.

IT IS SO ORDERED this 20th day of December, 2019.

_____
CHARLES B. GOODWIN
United States District Judge