# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS THURMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-950-G |
| COUNTY COMMISSIONERS OF OKLAHOMA COUNTY et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Now before the Court is a Motion for Reconsideration (Doc. No. 115) filed by Plaintiff Marcus Thurman, a state prisoner appearing pro se. Having considered Plaintiff's arguments and the relevant record, the Motion is DENIED.

*I.  Background*

Plaintiff initiated this federal civil rights action on September 5, 2017, naming multiple defendants. The matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin.

In June of 2020, Defendant Detention Center Officer (FNU) Miller filed a Second Motion for Summary Judgment (Doc. No. 87). After a Response (Doc. No. 103) from Plaintiff was docketed, Judge Erwin issued an Order directing Plaintiff to clarify whether the Response was intended to address Defendant Miller's Second Motion or an earlier stricken motion. *See* Order of Mar. 8, 2021 (Doc. No. 104). On March 18, 2021, Plaintiff filed a Letter (Doc. No. 105), in which he stated: "[M]y filing (ECF No. 103) . . . was . . .

my objection to . . . Defendant Miller's Second Motion for Summary Judgment." Pl.'s Letter at 1.

On April 29, 2021, Judge Erwin issued a Report and Recommendation ("R. & R."), in which he recommended that Defendant Miller's Second Motion for Summary Judgment be granted. *See* R. & R. (Doc. No. 106). In the R. & R., Judge Erwin advised the parties of their right to object and advised that a failure to object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the R. & R. *See id.* at 15.

The Court ordered two extensions of the objection deadline, resulting in a final due date of July 1, 2021. *See* Doc. Nos. 108, 111. As of July 21, 2021, however, Plaintiff had not submitted an objection or another request for an extension of time. Accordingly, the undersigned adopted the R. & R., granted Defendant Miller's Second Motion for Summary Judgment, and entered judgment. *See* Order of July 21, 2021 (Doc. No. 112); J. (Doc. No. 113).

II.     *Plaintiff's Motion for Reconsideration*

On July 8, 2022, Plaintiff filed the instant Motion for Reconsideration (Doc. No. 115).

Liberally construed, Plaintiff seeks to vacate the Court's judgment and allow reconsideration of Defendant Miller's dispositive motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. This Rule provides that, "[o]n motion and just terms," a court may relieve a party "from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is

"difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted), and is appropriate only "when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted).

In his Motion, Plaintiff first cites his Letter and argues that "it appears as if documents sent through the prison mail system on March 15th, 2021," were not filed with the Court. Pl.'s Mot. at 2; *see id.* Ex. 1 (Doc. No. 115-1). As noted above, however, Plaintiff's Letter was duly received and filed by the Court as ECF No. 105 on March 18, 2021. The Letter also was expressly considered by Judge Erwin in the R. & R. *See* R. & R. at 1 n.1. This objection is therefore meritless.

Plaintiff next argues, somewhat inconsistently, that due to his pro se status and transfers between prison facilities he was unable to file a substantive response to the Second Motion for Summary Judgment and requests that the Court consider the briefing included with his Motion. *See* Pl.'s Mot. at 3-13. Plaintiff again fails to show any entitlement to relief. As a threshold matter, it is Plaintiff's responsibility to apprise the Court of any address changes. *See* LCvR 5.4 ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court."). Further, if Plaintiff wished to raise further objections to the entry of summary judgment, he could have stated as much to Judge Erwin or following issuance of the R. & R. Instead, he failed to object to the R. & R. and waited nearly a year to file the instant Motion, raising arguments in response to

a dispositive motion filed over two years ago. Under these circumstances, the Court does not find that extraordinary relief under Rule 60(b)(6) is warranted.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Reconsideration (Doc. No. 115) is DENIED.

The Court Clerk is directed to update the case record with the address appearing on Plaintiff's mailing envelope to the Motion for Reconsideration, *see* Doc. No. 115-2.

IT IS SO ORDERED this 18th day of November, 2022.

_____
CHARLES B. GOODWIN
United States District Judge